UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIGUEL COLON, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON LOGISTICS, INC., <br><br> Defendant. | : <br> : <br> : CIVIL ACTION NO.: 3:21-cv-00363 <br> : <br> : <br> : <br> : MARCH 17, 2021 <br> : <br> : <br> : |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amazon Logistics, Inc. ("Amazon")[1] hereby removes this action from the Superior Court of the State of Connecticut, Judicial District of New Britain at New Britain, to the United States District Court for the District of Connecticut. In support of its Notice of Removal, Amazon states as follows:

I.   **RELEVANT BACKGROUND**

1.   On February 9, 2021, Plaintiff Miguel Colon ("Plaintiff") commenced this action by filing a Complaint ("Complaint" or "Compl.") against Amazon in the Superior Court of the State of Connecticut, Judicial District of New Britain at New Britain, captioned as *Miguel Colon v. Amazon Logistics, Inc.*

---

[1] Plaintiff improperly identifies "Amazon Logistics, Inc." as the Defendant in this matter. The appropriate Defendant in this matter is Amazon.com Services LLC.

1

2. On or about February 16, 2021, Amazon received a copy of the Summons and Complaint by process server. A true and correct copy of the Notice of Service of Process, Summons, and Complaint are attached hereto as Exhibit A.

3. No other proceedings have been held in the Connecticut Superior Court, and the Summons and Complaint constitute all process and pleadings served upon Amazon in this case.

4. Accordingly, fewer than thirty days have elapsed since this action became removable to this Court.

5. Plaintiff's Complaint alleges claims of discrimination under the Connecticut Fair Employment Practices Act, C.G.S. § 46a-60(b)(1), and interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2612, *et seq.* ("FMLA"). Compl. ¶¶ 23-43.

6. Plaintiff seeks alleged compensatory damages, including but not limited to alleged back pay and front pay damages, emotional distress damages, attorneys' fees, and costs. *See* Compl. ¶¶ 29, 35, 43. Plaintiff's Complaint does not allege a specific damages amount.

II. **REMOVAL STANDARDS**

7. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

8. As demonstrated below, this action is removable to the United States District Court for the District of Connecticut under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this matter under 28 U.S.C. §§ 1331 (federal question) and under 28 U.S.C. § 1332 (diversity of citizenship), and because this Court encompasses the district and division where the action currently is pending.

9. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367 because that claim is sufficiently related to Plaintiff's federal claims that it forms part of the same case or controversy.

### III. FEDERAL QUESTION JURISDICTION

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which authorizes federal question jurisdiction over any civil action arising under the Constitution, laws, or treaties of the United States.

11. In his Complaint, Plaintiff asserts claims for violations of the FMLA, which is a federal statute. *See* Compl. ¶¶ 30-43.

12. Because Plaintiff's FMLA claims "arise under" federal law, this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331.

### IV. DIVERSITY JURISDICTION

13. Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different states…." In this matter, removal is appropriate as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

    **A. Complete Diversity Of Citizenship Exists.**

14. Upon information and belief, Plaintiff is a citizen of and resides in the State of Connecticut. Compl. ¶ 1.

15. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.

16. Amazon was at the time of the commencement of this action, and is now, a

Delaware corporation, headquartered in Seattle, Washington.[2]

17. As Plaintiff is a citizen of Connecticut and Amazon is a citizen of Delaware and Washington, this action is between "citizens of different states." *See* 29 U.S.C. § 1332(a)(1).

18. As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend et al.*, 559 U.S. 77 (2010).

**B.    The Amount In Controversy Requirement Is Satisfied.**

19. Because Plaintiff does not expressly plead a specific amount of damages in his Complaint, Amazon must only show "that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

20. Although Plaintiff's Complaint does not specify the precise amount of damages sought, there is a reasonable probability that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. In his Complaint, Plaintiff seeks unspecified alleged "1. Money damages; 2. Reinstatement, or in lieu thereof, front pay; 3. Liquidated damages; 4. Attorneys' fees and costs of this Action; and 5. All other awardable relief." Compl., at 7.

21. If Plaintiff were to prevail at trial on all his claims, there is a reasonable probability that these categories of damages would together exceed $75,000.[3]

---

[2] Insofar as Amazon.com Services LLC is the correct Defendant in this action, *see supra* at 1 n.1, Amazon.com Sales, Inc. is the sole member of Amazon.com Services LLC. Amazon.com Sales, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in Washington. Accordingly, Amazon.com Services LLC is also a citizen of Delaware and Washington, because it is a limited liability company whose only member is incorporated in Delaware and has its principal place of business in Washington.

[3] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Complaint. Amazon's reference to a specific damages amount is solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Amazon maintains that Plaintiff's claims are without merit and that Amazon is not liable to Plaintiff. Amazon

22. Accordingly, although Amazon expressly denies any liability to Plaintiff, there is a reasonable probability that this action meets the jurisdictional amount required for removal based on diversity of citizenship under 28 U.S.C. § 1332(a).

V. **SUPPLEMENTAL JURISDICTION**

23. Plaintiff also asserts claims for disability discrimination in violation of Connecticut Fair Employment Practices Act, C.G.S. § 46a-60(b)(1). Compl. ¶¶ 23-29. According to Plaintiff's Complaint, his state law discrimination claims arise from the same set of facts as his FMLA interference and retaliation claims.

24. Thus, Plaintiff's state law claims are sufficiently related to his FMLA claims that they form part of the same "case or controversy," as required for this Court to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. This Court, accordingly, has supplemental jurisdiction over Plaintiff's state law claims.

VI. **VENUE**

25. The United States District Court for the District of Connecticut is a proper venue for removal because it is the federal judicial district in which the Complaint alleges that a substantial part of the alleged events and/or conduct giving rise to the claims occurred.

26. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Superior Court in New Britain, where this action was filed and has been pending prior to removal, lies within this federal District and Division.

VII. **ADDITIONAL REQUIREMENTS FOR REMOVAL**

27. As set forth above, this Notice of Removal is timely filed with this Court because

---

specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Amazon. No statement or reference contained in this Notice of Removal constitutes an admission of liability or a suggestion that Plaintiff will or could recover any damages amounts based upon the allegations contained in the Complaint or otherwise.

5

thirty days have not expired since Amazon received the Complaint. *See* 28 U.S.C. § 1446(b).

28. Amazon is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court action in this removed action.

29. Amazon will promptly file a notice of filing this Notice of Removal with the Superior Court in accordance with 28 U.S.C. § 1446(d). A copy of such notice of filing is attached hereto as Exhibit B.

30. Amazon has provided Plaintiff written notice of this filing in accordance with 28 U.S.C. § 1446(d).

31. No previous Notice of Removal has been filed or made with this Court or any other court for the relief sought herein.

32. The undersigned is counsel for and is duly authorized to effect removal on behalf of Amazon.

33. By filing a Notice of Removal in this matter, Amazon does not waive its right to assert any and all defenses and/or objections in this case.

**WHEREFORE**, Amazon hereby removes this case from the Superior Court of the State of Connecticut, Judicial District of New Britain at New Britain, to this Court, and this Court now has jurisdiction over further proceedings.

Respectfully submitted,

**AMAZON LOGISTICS, INC.**

By its attorneys,

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Christopher M. Wasil*
Christopher M. Wasil (ct28578)
One State Street
Hartford, CT 06103-3178
Telephone: 860.240.2719
Fax: 860.240.2800
Email: christopher.wasil@morganlewis.com

Dated:  March 17, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, a copy of the foregoing Notice of Removal was served by e-mail and first class mail to:

Matthew D. Paradisi, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel. (860) 296-3457
mparadisi@cicchielloesq.com

*/s/     Christopher M. Wasil*
Christopher M. Wasil