# Exhibit A



# Notice of Service of Process

**CHS / ALL**
**Transmittal Number: 22772158**
**Date Processed: 02/17/2021**

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Gianmarco Vairo<br>Joell Parks<br>Sara Rawson<br>Eugide Matondo<br>Vivian Ching<br>Karen Curtis<br>Jesse Jensen<br>Rochelle Lewis<br>Theresa Nixon<br>Stephen Swisher<br>Kimberly Thomas<br>Lynn Foley-Jefferson<br>Marcela Viegas<br>Stephanie Habben<br>Maria Catana<br>Michelle King<br>Rebecca Hartley<br>Lizette Fernandez |

| | |
|---|---|
| **Entity:** | Amazon Logistics, Inc.<br>Entity ID Number  3192856 |
| **Entity Served:** | Amazon Logistics, Inc. |
| **Title of Action:** | Miguel Colon vs. Amazon Logistics, Inc. |
| **Matter Name/ID:** | Miguel Colon vs. Amazon Logistics, Inc. (10965235) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | New Britain  Superior Court, CT |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 02/16/2021 |
| **Answer or Appearance Due:** | 03/23/2021 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Matthew D. Paradisi<br>860-296-3457 |
| **Client Requested Information:** | Amazon Case Type: N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

| SUMMONS - CIVIL<br>JD-CV-1 Rev. 10-15<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov  |

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 20 Franklin Square, New Britain, CT 06051 | (860) 515-5080 | MARCH 23, 2021 |

| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)<br>New Britain | Case type code (See list on page 2)<br>Major: M   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | Juris number (to be entered by attorney only)<br>419987 |
| Telephone number (with area code)<br>(860) 296-3457 | Signature of Plaintiff (If self-represented) |
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to)<br>mparadisi@cicchielloesq.com; and<br>dmclean@cicchielloesq.com |

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: COLON, MIGUEL<br>Address: 7 NEEDLETREE LANE, GLASTONBURY, CT 06033 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: AMAZON LOGISTICS, INC., 410 TERRY AVE. NORTH, SEATTLE, WA, 98109<br>Address: AGENT: Corporation Service Company, 100 Pearl Street, 17th Fl., MC-CSC1, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Matthew D. Paradisi | Date signed<br>02/09/2021 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY ATTEST
KEITH S. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

| | |
|---|---|
| RETURN DATE: MARCH 16, 2020 : | SUPERIOR COURT |
| MIGUEL COLON : | J.D. OF NEW BRITAIN |
| VS. : | AT NEW BRITAIN |
| AMAZON LOGISTICS, INC. : | FEBRUARY 9, 2021 |

## COMPLAINT

1. The Plaintiff in this matter, MIGUEL COLON ("Plaintiff"), was at all times relevant to this Action a resident of Glastonbury, State of Connecticut.

2. Defendant, Amazon Logistics, Inc. ("Defendant") is a foreign corporation with a principal place of business in Seattle, Washington. Defendant operates a Delivery Station at 71 Horizon Drive, Bristol, Connecticut.

3. Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and thereafter received a release of jurisdiction letter therefrom, a copy of which is appended hereto as Exhibit 1. This Action is brought within 90 days of receipt of said release of jurisdiction letter. As such, Plaintiff has exhausted all administrative remedies, and this Action is timely.

4. Plaintiff is a military veteran and suffers from one or more service-connected disabilities, which condition(s) constitute a "disability" within the meaning of the Connecticut Fair Employment Practices Act.

5. Plaintiff commenced employment with Defendant on or about November 5, 2018 as an Area Manager.

6. At all times, Plaintiff performed his job functions at or above satisfactory levels.

7. In or about early November, 2019, Plaintiff requested and procured continuous FMLA leave associated with the birth of his child.

1

8. Just prior to the commencement of his leave, Plaintiff was approached by a human resources representative who purported to have received a complaint from another employee, Michelle (last name unknown) concerning Plaintiff.

9. At that juncture, the HR representative conveyed that the complaint related to an accusation that Plaintiff had forwarded a lewd photograph to Michelle via snapchat.

10. The complaint referenced in the preceding paragraph was false.

11. In response to being informed of the HR investigation, Plaintiff forwarded his own snapchat account information, which, according to the HR representative, was not the account from which the lewd message had been sent. Plaintiff therefore demonstrated his non-involvement with the scenario, and he thereafter commenced his FMLA leave.

12. Prior to his leave, Plaintiff had been subsequently assigned to assist floor workers in sorting packages.

13. As a result of the assignment, Plaintiff was placed in close proximity to Michelle, who had lodged the unfounded complaint against Plaintiff just prior to his taking of FMLA leave.

14. Given the pendency of the HR investigation, Plaintiff requested of his own supervisor, Muhammad (last name presently unrecalled) that he be re-assigned to undertake other work which would not involve him being in close proximity to the person who had lodged the false—and pending—HR complaint.

15. During the course of his conversation with his supervisor, Plaintiff did not reveal any information concerning the substance of the pending HR complaint, but rather,

only the fact that he was not comfortable working in close proximity to Michelle, given the pendency of the false complaint.

16. Shortly thereafter, Plaintiff received a phone call from the HR investigator, who inquired as to whether Plaintiff had discussed the pending HR complaint with anyone.

17. In the ensuing conversation, Plaintiff informed the HR representative that he had not discussed the substance of the complaint with anyone, but did request that he be re-assigned on account of his being instructed to work in close proximity to the individual who had lodged a false complaint about him.

18. During the course of his leave, and on or about November 13th at 3:14 PM, Plaintiff spoke with Defendant's Human Resources representative, Brian Reed, in order to request and prepare further FMLA and/or disability accommodation documents in relation to his service-connected disability.

19. Reed instructed Plaintiff to wait for his return to work following paternity leave in order to prepare or file his requests.

20. On or about January 7, 2020, within one week of Plaintiff returning from his leave, and on the heels of Plaintiff notifying Defendant that he intended to request reasonable accommodations in relation to his service-connected disabilities, Defendant notified Plaintiff that it had elected to terminate Plaintiff's employment on account of the fact that he had purportedly violated Defendant's policies by discussing a pending human resources investigation.

21. Any and all reasons proffered by Defendant for the termination of Plaintiff's employment are false, and are pretext to mask its unlawful discrimination against Plaintiff on the basis of his disability, to mask its retaliatory intent for Plaintiff exercising or

3

attempting to exercise his rights under the FMLA, and/or to mask its unwillingness to engage in the interactive process concerning Plaintiff's requests for accommodation necessitated by his service-connected disability.

22. Any and all reasons Defendant has proffered for its adverse employment action against Plaintiff are false and/or pretext to mask its unlawful discriminatory intent.

**COUNT ONE:   DISABILITY DISCRIMINATION – C.G.S. § 46a-60(b)(1)**

23. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

24. Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

25. Plaintiff is disabled within the meaning of the Connecticut Fair Employment Practices Act.

26. Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of his/her disability.

27. Defendant failed to accommodate Plaintiff's disability, despite there being reasonable accommodations available which would not have constituted an undue hardship on Defendant, and instead, terminated Plaintiff.

28. Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's disability.

29. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT TWO:     FMLA INTERFERENCE – 29 U.S.C. § 2612 ET SEQ.**

30. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

31. Defendant is an "employer" within the meaning of the Family and Medical Leave Act ("FMLA").

32. Plaintiff was an eligible employee within the meaning of the FMLA.

33. Defendant was aware that Plaintiff's medical condition(s) constituted a "serious medical condition" within the meaning of the FMLA.

34. Defendant interfered with Plaintiff's rights under the FMLA in one or more of the following ways:

    a. It failed to inform him what was necessary for him to do in order to secure a protected leave under the FMLA;

    b. It failed to restore him to his position following a protected leave under the FMLA.

35. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT THREE:     FMLA RETALIATION – 29 U.S.C. § 2612 ET SEQ.**

36. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

37. Defendant is an "employer" within the meaning of the Family and Medical Leave Act ("FMLA").

38. Plaintiff was an eligible employee within the meaning of the FMLA.

39. Defendant was aware that Plaintiff's medical condition(s) constituted a "serious medical condition" within the meaning of the FMLA.

40. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

41. Plaintiff engaged in protected activity by exercising or attempting to exercise rights to job-protected medical leave under the FMLA.

42. Defendant retaliated against Plaintiff and subjected Plaintiff to adverse action on account of such protected activity.

43. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**WHEREFORE, Plaintiff prays for the following relief:**

1. Money damages;

2. Reinstatement, or in lieu thereof, front pay;

3. Liquidated damages;

4. Attorneys' fees and costs of this Action; and

5. All other awardable relief.

                              PLAINTIFF,
                              MIGUEL COLON

BY: _____
                              Matthew D. Paradisi
                              Cicchiello & Cicchiello, LLP
                              364 Franklin Avenue
                              Hartford, CT 06114
                              Phone: 860-296-3457
                              Fax: 860-296-0676
                              Email: mparadisi@cicchielloesq.com

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| | | |
|---|---|---|
| RETURN DATE: MARCH 16, 2020 | : | SUPERIOR COURT |
| MIGUEL COLON | : | J.D. OF NEW BRITAIN |
| VS. | : | AT NEW BRITAIN |
| AMAZON LOGISTICS, INC. | : | FEBRUARY 9, 2021 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

PLAINTIFF,
MIGUEL COLON

BY: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mparadisi@cicchielloesq.com

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

8

# EXHIBIT 1

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Miguel Colon
**COMPLAINANT**

CHRO No. 2130022

vs.

EEOC No. 16A-2020-01328

Amazon Logistics Inc.
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: 1/5/2021

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

Service:
Complainant: Atty. Matthew Paradisi via email at mparadisi@cicchielloesq.com
Respondent: Atty. Craig Dickinson via email at cdickinson@littler.com